## NATIONAL LABORATORY & SUPPLY CO. v. UNITED STATES.

(District Court, E. D. Pennsylvania. August 31, 1921.)

No. 6606.

**Eminent domain ⊂⇒147—Just compensation for taking of leasehold determined.**

The just compensation to which a manufacturing partnership was entitled by reason of the taking for public use by the United States of its leasehold quarters in which it conducted its business determined as measured by the expense and delay incident to removal to and fitting up of new quarters, secured and admitted to be of equal value to the old.

Action by the National Laboratory & Supply Company against the United States. On trial hearing without a jury. Judgment for plaintiff.

Evans, Bayard & Frick, of Philadelphia, Pa., for plaintiff.
Chas. D. McAvoy, U. S. Atty., of Philadelphia, Pa.

DICKINSON, District Judge. The purpose of this trial is to determine the compensation to which plaintiff has a right for the taking of its property for public use.

### General History of the Case.

The plaintiff is a partnership engaged in the business of doing special work for dentists, embracing artificial teeth, crown work, and plates. It occupied for its business purposes space on the ninth floor of the Reading Terminal building at Twelfth and Filbert streets. The space occupied was made up of six rooms numbered 910 to 915. The title was by a lease for five years from January 1, 1918, at an annual rental of $1,600. Two of the rooms were sublet at $35 per month each making the net rental paid by plaintiff $1,180. The volume of business claimed to have been done is measured by average receipts for the six months preceding March, 1918, of $1,000. per month; 8 to 10 employees, skilled and unskilled; a weekly pay roll (exclusive of sums paid the working partners) of $265, or an average wage per workman of about $30. The two partners themselves worked at the bench, and drew $135 per week. The work done was special, in that the dentists took "impressions" of what was to be done for their patients, and sent these "impressions" to the plaintiff, by whom the actual constructive work was done, the dentists themselves doing only the fitting and adjusting. The conditions under which the plaintiff's part of the work was done called for despatch, demanded promptness, and it was required to keep itself equipped for such work and have in its employ workmen who were skilled and resourceful. The rooms occupied by plaintiff were commandeered by the quartermaster's department of the army, and the plaintiff was forced to vacate on short notice. It secured quarters in five rooms, No. 208 to 212, inclusive, in the Flanders building at Fifteenth and Walnut streets, having somewhat more space than it before occupied. The old rooms were

specially equipped for the business there done. The work of removal involved the tearing out of built-in benches; the abandonment and consequent loss of the value to plaintiff of alterations and repairs made to the former rooms to accommodate the premises to its use; the expense of moving machinery and appliances to the new location, including breakage incident to a hasty removal; the damage done to fixtures and fixed machines in taking them down from one place and setting them up in another, and the loss of the value of letter heads and other stationery supplies, which had been made useless by the change of address. In addition to the above, plaintiff was put to the expense of installing electricity and gas in the new rooms by introducing wiring and pipes in the equipping of the new quarters. The whole work of removal compelled an interruption of plaintiffs' business, and a claim is made for consequent loss of trade covering a period of from six to eight months. It is of course conceded that plaintiff must be recompensed. The sum of money which meets the requirements of just compensation in the views of the parties varies from less than $500 to nearly $4,200. Just compensation, or even fairly adequate recompense, in a case of this kind is difficult to determine. We will first follow the line of the claim as presented, making the required fact findings, and then determine how much of this claim may be found to be the compensation to which plaintiff has by law a right. The claim of the plaintiff seems to be based upon a few general facts translated into terms of money as follows:

(1) The change of location of the business involved a loss of trade the value of which is estimated at......................$1,500.00
(2) Wages were required to be paid during the interruption of work the sum of which was.................................... 1,275.00
(3) The plaintiff had expended in the improvement of the vacated premises moneys the benefit of which is claimed to have been lost. The aggregate of these expenditures was.............. 88.74
(4) There was likewise expended in the improvement of the premises to which the plaintiff moved the claimed sum of.............. 1,049.10

Making a total of.................................$3,912.84

Of the items classified as 4 the defendant admits $478.44.

### The Issues Raised and Fact Findings Thereon.

The act of Congress commands that the plaintiff be awarded "just compensation." These words have no technical or purely legal significance. What do they mean? They are in themselves expressive of the meaning intended. The plaintiff was required to vacate the premises then occupied by the firm for its business purposes. Its property other than its leasehold was not commandeered. The obligation then was cast upon the plaintiff to minimize the damage consequences. One way of doing this, and the way followed without criticism, was to secure quarters elsewhere. A measure of damages would be the value of the leasehold which it surrendered. This measure was not applied by either party, nor are we asked to apply it, nor have we been given the means which would enable us to apply it. Another measure which the parties attempted to apply, and which we are asked to

apply, is afforded by a comparison between the quarters vacated and those to which plaintiff moved and the conditions before and after the removal as affected thereby. An analysis of this measure will disclose the following subdivisions:

1. The value of the leasehold surrendered and that of the one acquired. There is a substantial admission that, when the removal was fully accomplished, these leaseholds were of equal value. Because of this admission and the lack of evidence from which to make any other finding this item is found to be nothing.                                                                  $   0.00

2. The cost of removal, including the expense of installing the business in the new place. The evidence from which to make this finding is not satisfyingly clear, but we find the sum claimed by the plaintiff for this item was expended, to wit:                                                                   1,049.00

3. An expense incidental to the removal was the wages paid between the vacation of the old quarters and the equipment of the new. The evidence as to this item is not very definite, but the finding is made that the wages diverted to the work of removal was the sum of                                            400.00

4. Another at least possible incident of the cost of the removal of a business from one location to another is the effect upon the volume of business done. There may be a gain or a loss. The burden was upon the plaintiff to show such a loss, if any. Irrespective of the question of law of whether such a consequence is so far direct that it may be included in the compensation to which a party is entitled we make the fact finding that no loss was shown. This item is in consequence placed at nothing.                                   0.00

5. The old quarters were equipped to serve the purposes of plaintiff. The fact finding is made that the expenditures for this purpose, so far as shown, were $88.74. Inasmuch, however, as this item is disallowed for reasons hereafter stated, it is now set down in this statement of compensation as nothing.                                                             0.00

The total compensation is found to be                                    $1,449.10

## Conclusions of Law.

1. This court has jurisdiction of the cause and the parties. The case is not in tort, but although one sounding in damages is in effect a feigned issue to determine the "just compensation," to which plaintiff has a right because of the lawful taking of its property for public use. The District Courts of the United States have jurisdiction to decide upon such claims within the jurisdictional sum prescribed by the Acts of Congress (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 991).

2. The "just compensation" to which plaintiff has a right is the award of a sum which will restore to plaintiff the money loss consequence of its property being commandeered by the United States.

3. No finding is made of whether a loss of business profits is to be included in the compensation allowed, because no evidence was introduced from which the fact finding could be made of the sum of any such loss.

4. The cost and expense of equipping the location taken into the possession of the United States should not be included in the compensation awarded when, as in the instant case, compensation is claimed and allowed for the cost and expense of the equipping of a new location, which is accepted as a substitute for the location taken and for any value the new location may have which is less than the old. To allow the expense of equipping both the old and the new locations would be a duplication of compensation.

5. The plaintiff is entitled to judgment for the sum of $1,449.10, less $366.01, or a balance of $1,083.09, with interest thereon from July 1, 1918.

### Answers to Requests for Findings of Facts and Conclusions of Law.

The requests for findings are granted so far as found in the foregoing opinion, and are not so far as there not found.

### Judgment.

Judgment is rendered in favor of the plaintiff for the sum of $1,388.88, with costs of suit.